UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

FITZ REID,

Plaintiff,

**06 CV 0146**

- against -

DARRYL RAMSEY, as President of Local 768,
District Council 37, American Federation of State,
County and Municipal Employees, and the
ELECTION COMMITTEE OF LOCAL 768,
DISTRICT COUNCIL 37, AMERICAN
FEDERATION OF STATE, COUNTY, AND
MUNICIPAL EMPLOYEES.

Defendants.

<u>VERIFIED COMPLAINT</u>



------------------------------------------------------------- x

Plaintiffs, by their undersigned attorneys, as and for their Complaint, allege as follows:

## INTRODUCTION

1.    This is an action seeking injunctive relief directed towards the conduct of a local union election. Plaintiffs allege that in violation of both the local's constitution and the parent union's constitution, defendant Local 768, American Federation of State, County and Municipal Employees (hereinafter "Local 768, AFSME" or "Local 768") and its Election Committee have improperly disqualified the ballots of 13 individuals, have improperly refused to allow plaintiff, a candidate for President who is four votes behind in the balloting, to see the names and addresses of those who have been disqualified, and have improperly refused to notify those 13 individuals that their votes have been disqualified.

## JURISDICTION

2.  This Court's jurisdiction is invoked pursuant to 29 U.S.C. § 185.

## PARTIES

3.  Plaintiff Fitz Reid is a member of Local 768, AFSCME. He is a candidate for President of Local 768 and ran as part of a slate of candidates running in opposition to the incumbent group, as part of an effort to bring reform to Local 768. Most members of plaintiff's slate have been elected to office.

4.  Local 768 is a chartered local of the American Federation of State, County and Municipal Employees (hereinafter "AFSCME") and is affiliated with District Council 37, an intermediate body within AFSCME which coordinates the collective bargaining of various AFSCME locals which represent employees employed mostly by the City of New York. Local 768 is the certified collective bargaining agent of approximately 3,500 health services employees of the New York City Department of Health and the New York City Health and Hospitals Corporation. It is generally understood that all 3,500 of those employees are members of Local 768. Local 768 has its office at 125 Barclay Street, New York, New York. Darryl Ramsey is sued only in his capacity as President of Local 768. AFSCME and Local 768 are governed by the AFSCME Constitution, which is binding on all AFSCME locals.

## FACTS RELEVANT TO
## ALL CLAIMS

5.  In addition to the AFSCME Constitution, Local 768 is governed by its own constitution. A copy of that Constitution is annexed as Exhibit A.

2

6.    Elections in AFSCME local union are governed by Article IX Section 18 of the AFSCME Constitution (Exhibit B), as well as the Elections Code of the AFSCME Constitution (Exhibit C).

7.    Under the AFSCME Elections Code, at Section 2, an Election Committee is to be established to have "general responsibility" for the conduct of the election. The Elections Code does not proscribe any particular method of establishing the Election Committee.

8.    During November, culminating in a count on November 30, 2005, Local 768 held its triennial officer elections. Because there is a requirement in the Local 768 Constitution that the winner for each position have a majority of the votes cast, a number of offices were the subject of a rerun election between the top two vote-getters. Plaintiff, and incumbent President Darryl Ramsey, participated in the runoff as presidential candidates.

9.    The ballots in the Local 768 runoff election, which had been cast by mail, were counted by the American Arbitration Association ("AAA") on December 27, 2005. Initially, ballots were set aside if the name of the person voting was not reflected on Local 768's membership list. After checking with the Treasurer's office at DC 37, eight of those ballots were counted since the names of those eight were found on a list at the DC 37 Treasurer's office. At the conclusion of the count, Ramsey was ahead by 4 votes, 483 to 479. Thirteen ballots were not counted.

10.    During the count, plaintiff's observers, who had the right to observe all election proceedings pursuant to the Elections Code (see pages 20-21) and the AFSCME Constitution (see Section 21, page 140), asked to see the names and addresses of the voters whose names were not counted. Their request was denied.

3

11.    Under the Local 768 Constitution, election results are to be certified at a membership meeting. Defendants attempted to do that at a membership meeting held on December 27, 2005, but could not do so because a quorum was not present.

12.    Repeatedly, through counsel, plaintiff asked both for a recount and to see the names and addresses of those individuals whose votes were not counted so that those individuals could be asked whether they filled out the required paperwork to become members. See letters annexed as Exhibit D. Those letters received no response.

13.    All individuals employed in Local 768's jurisdiction must pay dues, either as members or as non-members paying an "agency shop fee." Local 768 has, historically, had no agency shop fee payers and has made a point of signing up every person as a member. Local 768's dues remission reports from the City of New York do not show the existence of any agency shop fee payers.

14.    Although the Election Committee did not respond, it did announce a recount, at the AAA, on January 10, 2006.

15.    On January 4, 2006, counsel to plaintiff wrote to counsel for the Election Committee, who happens to be General Counsel to DC 37, and advised him that if the names were not turned over by January 5, 2006, a lawsuit was to commence. See Exhibit E. Counsel to the Election Committee did not respond.

16.    As of January 9, 2006, plaintiff has not been given the names of the individuals whose votes were not counted.

4

17.    In 2002, because defendant Local 768's President would not conduct the election in accordance with the AFSCME Constitution, the Hon. Loretta Preska appointed arbitrator Howard Edelman to supervise the election.  That order is annexed as Exhibit F.

## AS AND FOR A CAUSE OF ACTION

18.    Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-17 hereinabove.

19.    By acting as aforedescribed defendants have violated the Constitution of AFSCME and the Constitution of Local 768.

## IRREPARABLE INJURY

20.    Should this Court fail to grant the injunctive relief requested by plaintiffs, plaintiffs and the members of Local 768 will suffer immediate and irreparable injury in that they will be denied their right to a fair election.  Should the individuals who voted but whose ballots were not counted not be given notice and an opportunity to prove that they were members, those individuals will suffer irreparable injury in that they will have been denied the right to vote.

21.    Plaintiffs have made no other request for the relief requested herein of this or any other court.

22.    Any further attempt to exhaust internal union remedies pre-election would be futile.

5

## PRAYER FOR RELIEF

WHEREFORE plaintiffs pray that the Court

1.      Enter a permanent and preliminary injunction pursuant to Rule 65 of the Federal Rules of Court Procedure enjoining and restraining defendants, their agents and employees, pending trial of this matter, from

a.      failing to allow plaintiff to review the names and addresses for all persons whose ballots have not been counted in the pending Local 768 election;

b.      failing to notify individuals whose ballots have not been counted of that fact and giving such individuals the opportunity to contest their disqualification; and

c.      failing to conduct a hearing at which individuals whose ballots have not been counted may present evidence that they took necessary steps to become members of Local 768.

2.      Issue a temporary restraining order enjoining and restraining defendants Greene and Local 768 from

a)      announcing or certifying any election result; and

b)      taking any action which might alter the membership records of individuals whose votes were not counted in the local 768 officer election.

3.      Issue an order appointing arbitrator Barbara Deinhardt or arbitrator Howard Edelman as an election monitor so that she can make a report to the Court about the facts underlying this application and make a recommendation about the proper action to take.

4.    Award counsel fees, costs and whatever other relief is just and equitable.


Dated: January 6, 2006

SCHWARTZ, LICHTEN & BRIGHT, P.C.
Attorneys for Plaintiffs

By: _____
Arthur Z. Schwartz, Esq. (AS 2683)
113 University Place
New York, New York  10003
(212) 228-6320

8

## VERIFICATION

ARTHUR Z. SCHWARTZ certifies, under penalty of perjury, that he is counsel to the plaintiff in the within action, that he has read the foregoing Complaint, and that it is true to his knowledge, information and belief. This declaration is made by counsel because plaintiff does not reside in New York County.

Dated: January 6, 2006

_____
ARTHUR Z. SCHWARTZ

9